UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10456-RGK (GJSx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Ricardo Gomez v. Quicken Loans, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Plaintiff's Disparate Impact Claim (DE 65)

## I. INTRODUCTION

On December 6, 2012, Ricardo Gomez ("Plaintiff") filed a Complaint against Quicken Loans, Inc. ("Defendant"). On February 25, 2013, Plaintiff filed a First Amended Complaint ("FAC") alleging that Defendant discriminated against Plaintiff because of his disability. Plaintiff filed the following four claims against Defendant for violations of: (1) the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* ("FHA"); (2) the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ("ECOA"); (3) the Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.* ("FEHA"); and (4) the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* ("Unruh"). Plaintiff alleged discrimination under two theories: (1) disparate treatment and (2) disparate impact.

On May 1, 2013, the Court dismissed Plaintiff's FAC under both theories. On November 2, 2015, the Ninth Circuit reversed in part, affirmed in part, and remanded. Specifically, the Ninth Circuit reversed the Court's dismissal of Plaintiff's disparate treatment claim. However, the Ninth Circuit agreed with the Court's dismissal of Plaintiff's disparate impact claim, but found that the Court erred in dismissing the claim with prejudice. On February 15, 2016, Plaintiff filed a Second Amended Complaint ("SAC") in an attempt to cure the defect in the disparate impact claim. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Disparate Impact Claim. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff has a physical disability that substantially limits his ability to work. Since 1990, Plaintiff has received Social Security Disability Income ("SSDI") because of his disability. As such, part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10456-RGK (GJSx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Ricardo Gomez v. Quicken Loans, Inc.* | | |

of Plaintiff's income comes from a public assistance program.

In February 2010, Plaintiff applied for loans from Defendant, a residential lender, in order to refinance his home. Plaintiff provided Defendant with an application showing his qualifications for the loan. Because Plaintiff is disabled, Defendant refused to lend to him unless he provided Defendant with "medical proof of his current and future disability." (SAC ¶11, ECF 63.) Plaintiff objected, stating that Defendant's request violated his right to privacy. In response, Defendant stated it would not provide Plaintiff with the loan unless Plaintiff proved his disability.

Plaintiff obtained a letter, dated February 24, 2010, from his medical doctor regarding his disability. Subsequently, Defendant gave Plaintiff a loan on March 23, 2010. Plaintiff's loan is part of Defendant's "rate-drop program." Under that program, Defendant contacts its borrowers and offers to refinance their loans if there is a drop in interest rates.

In July 2010, Defendant contacted Plaintiff and invited him to refinance his loan at a lower rate. At this time, Defendant did not ask for additional medical proof of Plaintiff's disability. Defendant refinanced Plaintiff's loan on August 20, 2010.

In July 2011, Defendant again contacted Plaintiff to invite him to refinance his loan. This time, Defendant required Plaintiff to offer medical proof of his disability as a term and condition to obtain the loan. Plaintiff provided Defendant with a copy of the February 24, 2010 letter from his medical doctor. Defendant accepted this letter as proof of disability and provided Plaintiff with a third loan on September 16, 2011.

In July 2012, Defendant contacted Plaintiff and invited him to refinance his loan at a lower rate. Plaintiff applied. Defendant again requested medical proof of Plaintiff's disability as a term and condition of the loan. Plaintiff sent Defendant a copy of the February 24, 2010 letter from his medical doctor. This time, however, Defendant rejected the letter and demanded that Plaintiff provide updated medical information regarding his disability. Plaintiff objected, claiming this practice was unlawful and discriminatory. Nonetheless, Plaintiff eventually contacted his medical doctor, obtained a letter regarding his disability dated July 25, 2012, and submitted it to Defendant. Defendant provided Plaintiff with a loan on August 7, 2012.

### III. JUDICIAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Id*. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10456-RGK (GJSx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Ricardo Gomez v. Quicken Loans, Inc.* | | |

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

### IV.    DISCUSSION

The Ninth Circuit reversed the Court's finding that Plaintiff failed to properly allege disparate treatment in his FAC. However, the Ninth Circuit agreed with the Court's finding that Plaintiff failed to allege disparate impact in his FAC. But, it found that the Court should have allowed Plaintiff leave to amend. Thus, the only question this Court must decide is whether Plaintiff has sufficiently amended his FAC to allege discrimination under a theory of disparate impact.

To plead a disparate impact claim, Plaintiff must allege "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type by the defendant's neutral acts or practices." *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009). The Ninth Circuit found that Plaintiff satisfied the second element, but he failed to state how Defendant's practices were "outwardly neutral." They added that Plaintiff could cure this defect by alleging that Defendant applied a uniform standard of assessing creditworthiness that resulted in a discriminatory impact. The Court finds that Plaintiff has failed to cure this defect.

Plaintiff states that Defendant's outwardly neutral practice is to "request income verification from all potential borrowers as part of its underwriting process." (SAC ¶ 26, ECF No. 63.) However, "private policies are not contrary to the disparate-impact requirement unless they are artificial, arbitrary, and unnecessary barriers." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2524 (2015). There is nothing "artificial, arbitrary, and unnecessary" about requesting income verification from borrowers applying for mortgage loans. Indeed, the ECOA itself provides that "[i]t shall not constitute discrimination" for a creditor "to make an inquiry . . . whether the applicant's income derives from any public assistance program if such inquiry is for the purpose of determining the amount and probable continuance of income levels, credit history, or other pertinent element of credit-worthiness." 15 U.S.C. § 1691(b)(2). Thus, requesting income verification is not a policy which could be the basis for a disparate impact claim.

The policy that Plaintiff is in fact challenging is *not* Defendant's request for income verification, but rather the specific manner in which this policy is applied to disabled persons. As discussed above, there is an overarching, neutral policy of verifying every loan applicant's income. However, this policy is applied differently to various loan applicants for apparent reasons. "For example, borrowers relying on employment income to qualify for a loan may satisfy [Defendant's] income verification standard by providing [Defendant] with pay stubs and W-2 forms." (SAC ¶ 28, ECF No. 63.) On the other hand, borrowers relying on alimony or child support income payments may provide a "copy of their divorce decree or court order," while borrowers relying on retirement income may provide "award letters and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10456-RGK (GJSx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Ricardo Gomez v. Quicken Loans, Inc.* | | |

W-2." *Id.* However, Plaintiff alleges that those relying on disability income are disproportionately burdened, as they are required to provide "sensitive medical information and/or to suffer embarrassment by having to contact their medical providers and obtain what is, in essence, a medical opinion letter verifying the current and future disability status of the borrower." *Id.* Although Plaintiff claims this is a neutral policy, every fact presented by Plaintiff indicates that disabled persons are treated *differently* than other loan applicants as they are the only loan applicants required to submit sensitive medical information to verify their income. Because Plaintiff alleges that Defendant did not apply uniform procedures for collecting documents to verify income, he has not alleged a facially neutral policy that supports a disparate impact theory. In fact, Plaintiff has pled the exact same policy the Ninth Circuit already found to allege facial discrimination, but merely re-labeled it as facially neutral. Accordingly, Plaintiff's conclusory statements that Defendant has a facially-neutral practice that disparately impacts disabled persons are insufficient to plead discrimination under a theory of disparate impact.

**V.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

:

Initials of Preparer